UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY L. GARCIA and UMUT KOCER,<br><br>Plaintiffs,<br><br>v.<br><br>MELISSA MAXIM, Field Office Director, United States Citizenship & Immigration Services, San Diego, California; TRACEY RENAUD, Acting Director, United States Citizenship & Immigration Services; DAVID PEKOSKE, Acting Director,[1] United States Department of Homeland Security; and DOES 1, 2 and 3,<br><br>Defendants. | Case No.: 3:20-cv-01922-BEN-LL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 8]** |

This is an immigration matter. Plaintiffs Kimberly Garcia and Umut Kocer (collectively, "Plaintiffs") have asked the Court to issue a writ of mandamus compelling Defendants Melissa Maxim, Tracey Renaud, and David Pekoske (collectively,

---

[1] On January 20, 2021, Tracey Renaud became Acting Director of Citizenship and Immigration Services and David Pekoske became Acting Director of Homeland Security. Pursuant to Fed. R. Civ. P. 25(d), Acting Directors Renaud and Pekoske are automatically substituted as Defendants.

1

"Defendants") to adjudicate Plaintiffs' I-130 immigration petition. Compl., ECF No. 1. Defendants filed a motion to dismiss. Mot., ECF No. 8. For the reasons set forth below, the motion is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.

I. <u>FACTUAL AND STATUTORY BACKGROUND[2]</u>

Kimberly Garcia is a United States citizen. Compl., ECF No. 1, ¶ 1. Umut Kocer is a Turkish citizen. *Id*. On September 3, 2009, Kocer entered the United States as a non-immigrant on a J-1 visa, which allowed him to lawfully remain in the United States for one year. *Id*. at ¶ 12. In 2017, however, Kocer was detained by U.S. Customs and Border Protection ("CBP") and placed into removal proceedings in San Diego, California. *Id*.

On April 2, 2019, Kocer appeared with counsel at his removal proceedings before an immigration court and told the court officer he intended to marry his girlfriend, Kimberly Garcia, who would subsequently be filing a petition to adjust his immigration status pursuant to 8 U.S.C. § 1255(a). Compl., ECF No. 1, ¶ 12. The immigration court then reset Kocer's hearing to August 20, 2019, to provide Kocer time to marry and request visa status adjustment. *Id*. at 13. On May 8, 2019, Garcia and Kocer were married in Las Vegas, Nevada. *Id*. at 14. On July 5, 2019, Garcia requested his visa status be adjusted via a Form I-130, Petition for Alien Relative, the application underlying this Complaint. *Id*. However, because Plaintiffs married while Kocer was subject to removal proceedings, there is a legal presumption their marriage is fraudulent. Compl., ECF No. 1, ¶ 15.

Thus, to be eligible for an I-130 status adjustment, Plaintiffs must establish the marriage is not fraudulent. 8 U.S.C. § 1361. Plaintiffs aver that United States

---

[2] The following overview of the facts is drawn from Plaintiffs' Complaint, ECF No. 1, which the Court assumes true in analyzing the motions to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

Citizenship & Immigration Services ("USCIS") is "the agency with sole jurisdiction to make this determination" and that USCIS has, through Defendants, "failed to take any steps to complete the adjudication of [Plaintiffs'] I-130 petition." *Id.* at ¶¶ 15, 18. They also allege that, through counsel, they first inquired about the status of their I-130 Petition on April 8, 2020 and were told that an internal request would be submitted on their case. Compl., ECF No. 1, ¶ 22. One month later, Plaintiffs' counsel followed-up with USCIS and obtained the same result. *Id.* at 23. On August 3, 2020, Plaintiffs' counsel again contacted USCIS and was told the petition would be elevated to "Tier II." *Id.* at 25. This escalation allegedly ensures a timelier response. *Id.* On August 5, 2020, Plaintiffs received an email from USCIS indicating their petition was "actively being reviewed" but did not provide a date for Plaintiffs to be interviewed by USCIS. *Id.* at 26.

On September 25, 2020, Plaintiffs filed this Complaint seeking an order requiring USCIS to adjudicate Plaintiffs' I-130 Petition within sixty days and awarding them their attorney's fees. Compl., ECF No. 1, Prayer. Plaintiffs allege Defendants violated (1) the Administrative Procedures Act, 5 U.S.C. § 500 *et seq.* (the "APA"); (2) the Immigration and Nationality Act, 8 U.S.C. § 1255 *et seq.* (the "INA"); and (3) denied Plaintiffs due process and equal protection under the Fifth Amendment. *Id.*

## II. LEGAL STANDARD

Defendants have moved to dismiss Plaintiffs' entire suit against them under two provisions of Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"): Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted.

### A. *Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Rule 12(b)(1))*

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction and possess 'only that power authorized by Constitution and statute.'" *Sandpiper Village Condominium Ass'n., Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 841 (9th Cir. 2005). Limits upon federal jurisdiction must not be disregarded

or evaded. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (internal quotation and citation omitted). It is the burden of plaintiffs to persuade the Court that subject matter jurisdiction exists. *See Hexom v. Oregon Dept. of Transp.*, 177 F.3d 1134, 1135 (9th Cir. 1999).

A motion to dismiss for lack of subject matter jurisdiction may be "facial" or "factual." *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004) *cert. denied* 544 U.S. 1018 (2005). A facial attack challenges the sufficiency of the jurisdictional allegations in the complaint. *See id*. In contrast, a factual attack challenges the substance of a complaint's jurisdictional allegations. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). If the defendant brings a facial attack, a district court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990). A Rule 12(b)(1) motion will be granted if, on its face, the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

**B.** *Motion to Dismiss for Failure to State a Claim (Rule 12(b)(6))*

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on the lack of a cognizable legal theory or absence of sufficient facts to support a cognizable or plausible legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

4

1 is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. ANALYSIS

Defendants argue the Court should dismiss this case because, on the facts pled, the Court lacks jurisdiction to grant mandamus relief. Mot., ECF No. 8, 6-9. Plaintiffs argue the Court has both (1) mandamus jurisdiction, *see* 28 U.S.C. § 1361, and (2) federal question jurisdiction, *see* 28 U.S.C. § 1331, to hear this case. Compl., ECF No. 1, ¶ 9. According to Plaintiffs, federal question jurisdiction allegedly arises under the APA, because under the APA, "Defendants are obligated to conclude all matters presented to [them], 5 U.S.C. § 555(b), without unreasonable delay, 5 U.S.C. § 706(1)." Opp'n, ECF No. 13, 10. As the party seeking to invoke this Court's jurisdiction, Plaintiffs have the burden to persuade the Court that subject matter jurisdiction exists. *See Hexom*, 177 F.3d at 1135. The Court addresses Defendants' Motion to Dismiss under Rule 12(b)(1) before addressing Defendants' Motion to Dismiss under Rule 12(b)(6), because if the Court lacks jurisdiction over this case it has no power to evaluate the merits of Plaintiffs' Complaint. *Cf. Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (noting that "a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter," including by dismissing the case on the merits).

### A. *Mandamus Jurisdiction*

Plaintiffs first assert the Court has mandamus jurisdiction over this matter pursuant to 28 U.S.C. § 1361. Opp'n, ECF No. 13, 6-9. Defendants respond that mandamus jurisdiction does not exist because (1) "Plaintiffs' claim is not clear and certain" and (2) "there is no congressionally prescribed timeframe within which USCIS has a duty to adjudicate I-130 petitions." Mot., ECF No. 8, 8. The Court finds the "clear and certain" requirement dispositive and addresses it below.

5

At issue here is USCIS' alleged failure to adjudicate Plaintiffs' I-130 petition. "A non-citizen spouse of a United States citizen may obtain lawful permanent residence status if the citizen files a Form I-130 on behalf of the non-citizen beneficiary to classify [him] as an 'immediate relative.'" *Wood v. Nielsen*, Case No. 18-cv-00281-DMR, 2019 WL 285929, at *1 (N.D. Cal. Jan. 22, 2019) (citing 8 U.S.C. § 1154(a)(1)(A)(i)). "The petitioner bears the burden of proving by a preponderance of the evidence that the beneficiary is eligible to receive the benefits of the I-130 petition." *Id.* (citing 8 U.S.C. § 1361). However, "obtaining an immigrant visa as an immediate relative is a two-step process." *Dominguez v. U.S. Dep't of State*, Case No. 19-cv-5327-PSG-SSx, 2020 WL 5026878, at *3 (C.D. Cal. May 22, 2020). Only after "a petitioner of an immediate relative petition proves that his marriage meets the requirements for the approval of an I-130" is he entitled, "as a matter of right, to the approval of his petition." *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013). Thus, USCIS has discretion to determine whether an I-130 petition should be granted based on the proof submitted by the petitioning parties. *See* 8 U.S.C. § 1154(b).

Among the Court's limited jurisdictional hooks is mandamus. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") However, "[a] writ of mandamus is an extraordinary remedy and [only] is available where: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Dong Liu v. Chertoff*, Case No. 07-cv-0005-BEN-WMC, 2007 WL 1300127, at *3 (S.D. Cal. Apr. 30, 2007) (citing *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003)).

As discussed above, "obtaining an immigrant visa as an immediate relative is a two-step process." *Dominguez*, 2020 WL 5026878, at *3. "First, a U.S. citizen or lawful permanent resident must file a petition, known as a Form I-130, Petition for Alien Relative, with the USCIS on behalf of the alien beneficiary, seeking to have the alien

classified as an immediate relative." *Id.* (citing 8 U.S.C. § 1154(a)(1) and 8 C.F.R. §§ 204.2(a)(2), (d)(2), (g)(2)). "Second, if the petition is approved, the alien beneficiary may apply to the State Department for a visa." *Id.* (citing 8 U.S.C. §§ 1201(a), 1202(a)). Here, Plaintiffs are still at step one and the statute does not compel USCIS to favorably adjudicate the I-130 petition. *See* 8 U.S.C. § 1154(b).

In the context of processing immigration petitions, courts have wrestled with whether USCIS' function in adjudicating these petitions is discretionary or nondiscretionary. In *Dong Liu*, this Court examined whether it had mandamus jurisdiction to compel USCIS officers to adjudicate the plaintiffs' I-485 immigration applications within a specified period. 2007 WL 1300127, at *3-5. Like the I-130 petition at issue here, the *Dong Liu* plaintiffs' I-485 petition was submitted to USCIS pursuant to § 245 of the INA. *Id.* at *3. The Court did not rule out the possibility that mandamus jurisdiction *could* exist for an immigration petition under some set of facts, *see id.* at **5 n. 2, but nonetheless found mandamus jurisdiction lacking "[a]s long as USCIS continues to make reasonable efforts to complete Plaintiffs' I-485 applications." *Id.* at *5. In such cases, the Court observed, "the pace required to complete that process is committed to their discretion." *Id.* (citing *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1178 (S.D. Cal. 2007)); *but see Xiaohui He v. Chertoff*, No. 06-CV-2608-IEG-NLS, 2007 WL 9778029, at *5 (S.D. Cal. Mar. 8, 2007) (finding that while "the statute is silent as to a time limit by which the CIS must adjudicate [an I-485 petition] it stretches the statutory mandate for defendants to argue that there is unlimited and unfettered discretion in the time by which the CIS must adjudicate an application.").

Here, as in *Dong Liu*, the record clearly indicates USCIS is making reasonable efforts to complete the adjudication. First, one month after this suit was filed, USCIS interviewed Plaintiffs. Mot., ECF No. 8, Ex. A. Following that initial interview, USCIS accommodated three requests by Plaintiffs to postpone a follow-on interview until February 4, 2021. *Id*. Plaintiffs argue they only requested delays because of "public health concerns in a pandemic and the threat of a job loss." Opp'n, ECF No. 13, 11.

7

While these concerns are undoubtably reasonable, they do not indicate any lack of diligence by USCIS. Second, on March 1, 2021, USCIS issued Plaintiffs its Notice of Intent to Deny their I-130 petition. Mot., ECF No. 8, Ex. A. As Plaintiffs' note in their Complaint, this is a significant step forward in the adjudication of an I-130 Petition. *See* Compl., ECF No. 1, 15 ("It is customary for USCIS to conduct an interview after submission of the application and to make the decision shortly thereafter."). Thus, it does not appear that "agency inaction" is the cause of the delay in adjudicating Plaintiffs' petition. *Dong Liu*, 2007 WL 1300127, at *5.

Because USCIS is making reasonable efforts to adjudicate Plaintiffs' I-130 petition, the Court concludes it presently lacks subject matter jurisdiction to entertain Plaintiffs' request for mandamus.

**B.** *APA Jurisdiction*

Plaintiffs also argue the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Defendants violated the APA, 5 U.S.C. § 551 *et seq*. Opp'n, ECF No. 13, 9-11. While acknowledging the APA "does not provide an independent basis for subject matter jurisdiction," Plaintiffs argue the APA nonetheless creates a cause of action because "Defendants are obligated to conclude all matters presented to [them], 5 U.S.C. § 555(b), and without unreasonable delay, 5 U.S.C. § 706(1)." *Id*. at 9-10. Thus, Plaintiffs argue jurisdiction also lies in this Court because Defendants violated a federal statute, namely the APA. *Id*. at 10, 17 ("It is clear this Court has subject matter jurisdiction over Plaintiffs' claim under 28 U.S.C. § 1361 and 28 U.S.C. § 1331 and that Plaintiffs sufficiently stated a plausible claim for relief under 5 U.S.C. § 555(b) and 706(1)."). As discussed below, this argument fails.

"To invoke jurisdiction under the APA, a petitioner must show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty." *Dong Liu*, 2007 WL 1300127, at *6 (citing *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004)). However, not all failures to act are remediable under the APA. *See Norton*, 542 U.S. at 61. "[A] delay cannot be

8

unreasonable with respect to action that is not required." *Id*. at 63, n. 1. "Therefore, a court only has jurisdiction to compel an agency to act within a certain time period under the APA when the agency is compelled by law to act within a certain time period." *Dong Liu*, 2007 WL 1300127, at *6 (citing *Norton*, 542 U.S. at 63, n. 1).

Here, Congress did not specify a timeframe in which Defendants must adjudicate I-130 petitions. *See* 8 U.S.C. § 1154. Moreover, within the immigration petition context, this Court has previously declined the "invitation to judicially impose new heightened requirements on the administrative agency charged with adjudication of naturalization applications." *Dong Liu*, 2007 WL 1300127, at *6. The Court will not revisit that decision here. Plaintiffs have petitioned for an I-130 visa, and the statute vesting USCIS with authority to adjudicate that petition does not specify the amount of time in which USCIS must act to grant or deny it. *See* 8 U.S.C. § 1154. Contrary to Plaintiffs' suggestion, Defendants' decision to publish average processing times for I-130 petitions online likewise does not create a deadline by which they must act. *See* Opp'n, ECF No. 10-11. The Court finds these average processing times advance transparency about the agency's work and should be encouraged, rather than used as a mechanism to create an alleged injury. Adopting a rule that bound USCIS to complete its review within the advertised average time would perversely incentivize agencies, like USCIS, to remove these processing times from public websites.

Because there is no statute or regulation requiring Defendants to complete their determination of Plaintiffs' I-130 petition within a specific timeframe, the Court lacks jurisdiction to grant Plaintiffs' requested relief under the APA. *See Dong Liu*, 2007 WL 1300127, at *6.

**C.** ***Closing***

As set forth above, the Court concludes it lacks subject matter jurisdiction to hear Plaintiffs' suit for a writ of mandamus pursuant to 28 U.S.C. § 1361 or the APA. Accordingly, and consistent with the Court's discussion of mandamus jurisdiction herein, the Court grants Defendants' Motion to Dismiss without prejudice. Because the Court

9

concludes it lacks subject matter jurisdiction, it declines to address whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

**IV. <u>CONCLUSION</u>**

The Court **GRANTS** Defendants' Motion to Dismiss for lack of subject matter jurisdiction. ECF No. 8. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: June 28, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge